NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| GENEVA HASSELL, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-cv-4109 (JAP) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHNSON & JOHNSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

PISANO, District Judge

 Presently before the Court is Defendant Johnson & Johnson's ("Defendant" or "J&J") Motion to Dismiss Plaintiff's, Geneva Hassell ("Plaintiff"), Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket #8].  Plaintiff opposes this motion [docket #12].  The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78.

 For the reasons that follow, this Court GRANTS Defendant's Motion to Dismiss [docket #8], and permits Plaintiff thirty (30) days to file an amended Complaint.

## I. BACKGROUND

 Plaintiffs Complaint, received by the Court on July 2, 2013 [docket #1] consists of five (5) causes of action pursuant to: (1) Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); (2) the New Jersey Law Against Discrimination ("NJLAD"); (3) Age Discrimination in violation of the NJLAD; (4) Retaliation in violation of Section 1981; and (5)

Retaliation in violation of the NJLAD.[1]  Plaintiff's claims arise out of her employment with Defendant, Johnson & Johnson.  The following allegations are taken from Plaintiffs Complaint and are accepted as true for purposes of this Court's review only.

Plaintiff is a fifty-eight (58) year old African-American woman and has been employed by J&J since 1988.  Compl. ¶¶ 2 and 9.  For the past fourteen (14) years, Plaintiff has been at the Director level in the human resources department.  Compl. ¶ 2.  In 2009, J&J re-vamped its titles under a new framework to include differing levels of the Director and Vice President position, namely: Director I, Director II, Vice President I, Vice President II, and Vice President III. Compl. ¶ 15. For each title, level I is the lowest and Plaintiff was designated a Director I. Compl. ¶ 15.  Until 2013, J&J rated employees' performance on a scale from one (1) to nine (9) and, since being a Director, Plaintiff has received primarily sevens (7s) as well as two sixes (6s). Compl. ¶ 16.

Plaintiff alleges that J&J failed to advance her to either a Director II or Vice President position because of her age and/or race. Compl. ¶ 19.  In order to advance, Plaintiff completed two executive leadership programs to prepare for a Vice President role and Plaintiff asserts that white employees were not required to attend these programs in order to be promoted.  Compl. ¶ 17.  Further, Plaintiff asserts that since 2008 she has applied for approximately three (3) positions at the Director II level but these positions went to primarily younger and less qualified employees, and that Plaintiff was not given an opportunity to apply for another Director II opening because it was not posted, which is contrary to J&J policy.  Compl. ¶ 18.  Plaintiff alleges that one of her supervisors told a colleague that Plaintiff would not be promoted because

---

[1] Plaintiff's Complaint lists both Retaliation in violation of Section 1981 and Retaliation in violation of the NJLAD as the "Fourth Cause of Action"; however, lists these as separate counts.  Thus, for purposes of clarity, the Court will consider Retaliation in violation of the NJLAD as Plaintiff's "Fifth Cause of Action."

she was "too abrasive" and this reflects a stereotypical view of African-American women. Compl. ¶ 27.

One of the positions that Plaintiff applied for involved handling labor issues and employee relations for J&J and, despite being deemed one of three qualified candidates, an African-American named Ms. Marcella Blakney Collins was awarded the position.  Compl. ¶¶ 23, 29, and 31.  Prior to getting this promotion over Plaintiff, Ms. Collins' was formerly a Director II in HR which was considered a "Vice President feeder position" and this opening was then given to a younger white female.  Compl. ¶ 31.  Similarly, in October 2012, J&J announced that North America and Latin America's Employee Relations Specialist Groups ("ERSG") would be combined and, contrary to J&J policy Defendant did not post this job but appointed Ms. Carmencita Velazquez-Marquez as a Director II and leader of the new group.  Compl. ¶ 35. Thus, Plaintiff alleges that three (3) acts of race and/or age discrimination occurred when she was denied or prevented from applying for: (1) the position handling labor issues and employee relations for J&J, which was awarded to Ms. Collins; (2) Ms. Collins former Director II "Vice President feeder position" which was awarded to a younger white female; and (3) the position as Director II and leader of the new ERSG group which was awarded to Ms. Velazquez-Marquez.

After the alleged acts of discrimination occurred, Plaintiff complained to the HR Director in September 2010 and to the Vice President and Global Leader of ESRG in October 2012. Compl. ¶¶ 32 and 36.  In response to the 2010 complaint, Defendant hired an attorney to conduct an investigation and ultimately concluded that other candidates were more qualified than Plaintiff.  Compl. ¶ 32.  Plaintiff alleges that the attorney did not interview the witnesses Plaintiff identified and when Plaintiff complained to the outside attorney, Ms. Stephanie Sowell, Ms. Sowell retaliated against her and Defendant failed to take any action in response to this

retaliation.   Compl. ¶ 32.  Further, after Plaintiff's complaint in October 2012 to the Vice President and Global Leader of ESRG, no action or investigation into race discrimination was taken.  Compl. ¶ 36.

On October 17, 2012, Plaintiff's counsel sent J&J a letter formally asserting claims for race and age discrimination and retaliation.  Compl. ¶ 46.  Plaintiff alleges that, as a result of these claims, her merit increase, bonus, and long-term incentive compensation were lower for 2013 in absolute terms and proportionally.  Compl. ¶ 48.  Further, Plaintiff claims that Ms. Velazquez-Marquez continues to retaliate against her by improperly telling one of Plaintiff's co-workers about the claims for race and age discrimination, and by marginalizing and micro-managing Plaintiff.  Compl. ¶ 49.

## II.   DISCUSSION

### a.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice.  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis:  (1) the Court must "outline the elements a plaintiff must plead to . . . state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

As stated above, Plaintiff's claims are brought pursuant to Section 1981 of the Civil Rights Act and the NJLAD.  Similar to Title VII, Courts apply the framework set forth in *McDonnell Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to determine whether Plaintiff has established a *prima facie* case of race and/or age discrimination under Section 1981 and the NJLAD.  See *Vulcan Pioneers of New Jersey v. City of Newark*, 374 F. App'x 313, 318 (3d Cir. 2010).  "[A]lthough 'the *prima facie* elements of a discrimination claim vary depending on the particular facts of the case,' (quoting *Storey v. Burns Int'l Sec. Servs.,* 390 F.3d 760, 764 (3d Cir.2004)), the plaintiff's task generally is to 'raise[ ] an inference of discrimination.'" *Id.* (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)).  At the motion to dismiss stage, an employment discrimination plaintiff does not need to prove its *prima facie* case of discrimination ". . . because the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard." *DiTommaso v. Medicines Co.*, 754 F. Supp. 2d 702, 705 (D.N.J. 2010) (internal quotation omitted).  However, a plaintiff

must plead facts that would make his or her *prima facie* case under the *McDonnell Douglas* framework plausible.

### b.    Analysis

### a.    *Racial Discrimination Claims*

Plaintiff's first and second causes of action are pursuant to Section 1981 and the NJLAD for racial discrimination.[2]  Defendant contends that Plaintiff's claims for race discrimination are time barred or, alternatively, fail to state a claim for plausible relief.  Plaintiff concedes that her claims arising prior to July 2, 2009 – four (4) years before Plaintiff filed the Complaint at issue – are outside the statute of limitations for Section 1981, but that such facts are still relevant to Plaintiff's timely claims.[3]  Plaintiff also contends that the facts alleged in her Complaint are sufficient to meet the standard required by Rule 8, and adequately puts Defendant on notice of her claims.

As stated above, to adequately plead a cause of action for racial discrimination under Section 1981 and the NJLAD, Plaintiff must allege facts that make the following plausible: "(1) that she belongs to a protected class, (2) that she was qualified for the position at issue, (3) that she was subject to an adverse employment action, and (4) that the employer continued to seek

---

[2] Plaintiff's first cause of action merely lists "Section 1981" and alleges that Defendant "discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race, in violation of Section 1981." Compl. ¶ 51. While the facts pled in Plaintiff's Complaint also allege age discrimination, Plaintiff specifically pleads her third cause of action as one for age discrimination pursuant to the NJLAD.  Accordingly, the Court will construe Plaintiff's first cause of action under Section 1981 as one solely for race discrimination.

[3] The parties dispute whether Plaintiff has any timely claims.  Defendant contends that Plaintiff's Section 1981 claims are subject to a two (2) year statute of limitations period because such claims were available prior to the statute's 1991 amendments.  See *Bermingham v. Sony Corp. of Am.*, 820 F.Supp. 834, 854 (D.N.J. 1992); *aff'd* 37 F.3d 1485 (3d. Cir. 1994).  Plaintiff opposes this contention, and argues that her claims are subject to a four (4) year statute of limitations because the claims became available only after the 1991 amendments.  See *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004).  As explained more fully below, even if this Court were to accept Plaintiff's allegations as true that her claim is not premised on the denial of a new contractual relationship with Defendant, thereby making Plaintiff's claim cognizable only after the 1991 amendments and subject to a four (4) year statute of limitations, Plaintiff's Complaint still fails to meet the Rule 12(b)(6) standard.  In any event, if Plaintiff chooses to file an amended Complaint, this Court urges Plaintiff to distinguish which alleged acts of discrimination form the basis of her claims, and which acts are conceded as time-barred but merely being used to show an alleged history of discrimination.

out similarly qualified individuals to fill the position at issue under circumstances suggestive of discrimination." *Vulcan Pioneers of New Jersey*, 374 F. App'x at 318 (citing *Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 (3d Cir.2003)).  The parties do not dispute that Plaintiff is a member of a protected class and was qualified for the position(s) at issue.  Thus, the crux of Defendant's motion to dismiss centers on whether Plaintiff was subject to an adverse employment action and whether Plaintiff has pled sufficient facts relating to the individuals who filled the positions such that circumstances suggestive of discrimination are present.

Defendant contends that because Plaintiff did not formally apply for some of the positions alleged in her Complaint she cannot establish an adverse employment action. However, "[c]ourts have generally held that the failure to formally apply for a job opening will not bar a [discrimination] plaintiff from establishing a *prima facie* claim of discriminatory hiring, as long as the plaintiff made every reasonable attempt to convey his interest in the job to the employer."  *Mann v. Prince Telecom, LLC*, 2013 WL 3884189 (D.N.J. July 26, 2013).  Here, while Plaintiff need not have applied for a position to plead a claim for discrimination and establish an adverse employment action, Plaintiff's Complaint fails to allege facts that she made any attempt to convey her interest in such position(s).  Without such facts, the Court is not convinced that Plaintiff has a plausible right to relief.[4]

Moreover, Plaintiff's Complaint generally alleges that "[y]ounger White employees have been promoted from Director to Vice President after only a few years as a Director" Compl. ¶ 19, and Ms. Collins' former position that Plaintiff wanted to apply for was given to a "young White woman." Compl. ¶ 31.  However, Plaintiff's Complaint alleges that the first position she was denied was awarded to Ms. Collins who is also African-American.  Compl. ¶ 29.  Plaintiff's

---

[4] The Court notes that only two (2) of the three (3) alleged discriminatory acts involved a position that Plaintiff did not formally apply for.  However, these were the most recent acts of alleged discrimination and any claim surrounding the position Plaintiff formally applied for appears to be conceded as time barred.

general allegations that white employees have been promoted to Vice President do not give rise to circumstances suggestive of discrimination such that Plaintiff's claims are plausible, particularly because it appears from the face of the Complaint that African-American employees were similarly promoted.  Plaintiff also fails to allege the race of the employee that was deemed more qualified and awarded the last position Plaintiff sought.  While Plaintiff is not required to establish a *prima facie* case of racial discrimination at this stage of the litigation, she is required to plead sufficient facts showing that racial discrimination is plausible.  Failing to allege facts surrounding the race of those employees that were promoted over Plaintiff hardly makes it plausible that circumstances of discrimination were present. See *Tavarez v. Twp. of Egg Harbor*, 2010 WL 2540094, at *4 (D.N.J. June 16, 2010) ("the Complaint does not identify the race or ethnicity of the police officers who were promoted to captain ahead of [Plaintiff]. The Complaint only states a legal conclusion that the failure to promote [Plaintiff] was discrimination on the basis of race. This allegation consists of precisely the legal conclusions and labels that *Twombly* has made clear are insufficient to allow a cause of action to proceed.").

Accordingly, Plaintiff's claims for racial discrimination pursuant to Section 1981 and the NJLAD are DISMISSED, without prejudice.

### i.    *Age Discrimination under the NJLAD*

Similar to the standard set forth above, to withstand a motion to dismiss an age discrimination claim under the NJLAD, a plaintiff must plead facts showing it is plausible that "'(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position.'" *Pers. v.*

*Teamsters Local Union 863*, 2013 WL 5676802, at \*3 (D.N.J. Oct. 17, 2013) (quoting *Sarullo v. United States Postal Service,* 352 F.3d 789, 797 & n. 6 (3d Cir.2003)).   The fourth element "require[s] a showing that the plaintiff was replaced with a candidate sufficiently younger to permit an inference of age discrimination." *Incorvati v. Best Buy Co., Inc.,* 2010 WL 4807062, at \*6 (D.N.J. Nov. 16, 2010) (internal quotation omitted).

Here, Plaintiff has alleged that she belongs to a protected class, was qualified for the positions at issue, and was subject to an adverse employment action by way of being denied those positions.   However, Plaintiff's Complaint is devoid of any facts making it plausible that the adverse employment actions taken against her were motivated by Plaintiff's age. Specifically, Plaintiff neither alleges the age(s) of those candidates that were awarded the positions, nor facts regarding whether these candidates were sufficiently younger than Plaintiff. By merely stating that the positions went to "primarily younger" employees, Plaintiff is asking the Court to take a conclusory statement and draw an inference that Defendant's hiring decision was discriminatory.   Without more facts to support Plaintiff's theory, the Court simply cannot conclude that Plaintiff has a plausible right to relief because at the pleadings stage, "[a] mere allegation that an adverse employment action was motivated by age, without more, is exactly the type of broad conclusory allegation which the Supreme Court [in *Twombly*] has found insufficient." *Foy v. Wakefern Food Corp.*, 2010 WL 147925, at \*4 (D.N.J. Jan. 7, 2010). Accordingly, Plaintiff's claim for age discrimination under the NJLAD is DISMISSED, without prejudice.

### ii.      *Retaliation in Violation of Section 1981 and the NJLAD*

A plaintiff claiming retaliation must allege facts making it plausible on its face that "1) she was engaged in protected activity known to the Defendant; 2) she was thereafter subjected to

an adverse employment decision by the Defendant; and 3) there was a causal link between the two." *Dodaro v. Acme Markets*, 2006 WL 776976, at *6 (D.N.J. Mar. 27, 2006) (citing *Craig v. Suburban Cablevision,* 274 N.J.Super. 303, 310 (App.Div.1994), *aff'd,* 140 N.J. 623 (1995)).  As stated above, the adverse employment action(s) largely complained of by Plaintiff were that she was denied or prevented from applying for three (3) positions.  Importantly, however, the adverse employment actions which Plaintiff attempts to link to an act of retaliation came *before* Plaintiff's complaints regarding the alleged discrimination.  Stated differently, Plaintiff cannot allege that she suffered an adverse employment action (being denied a position) in retaliation for engaging in protected activity that she had not engaged in yet (later complaining about being denied such position).  Element two (2) listed above makes clear that in order to allege retaliation, a Plaintiff must show that she was *thereafter* subjected to an adverse employment decision. *Id.*

The only alleged retaliatory acts or adverse employment action(s) that Plaintiff claims to have occurred *after* she complained of discriminatory conduct is that the merit increase, bonus, and long-term incentive compensation given to Plaintiff by Defendant in 2012 was lower than the prior year and in 2013 was lower in absolute terms and proportionally.  Compl. ¶48. However, Plaintiff has failed to plead any facts making it plausible that there was a causal link between Plaintiffs protected activity and this alleged adverse employment[5] action.  Specifically, Plaintiff's first Complaint to Defendant's HR Director regarding discrimination occurred in September 2010, and Plaintiff has failed to plead any facts surrounding her merit increase, bonus, and long-term incentive compensation being decreased in 2010 or 2011.

---

[5] Defendant disputes whether Plaintiff suffered an adverse employment action.  For purposes of this motion, the Court need not address this argument because even assuming Plaintiff did suffer an adverse employment action, Plaintiff's Complaint still fails to state a claim.

Further, Plaintiff fails to plead facts regarding whether she received her 2012 merit increase, bonus, and long-term incentive compensation before or after her Complaint to the Global Leader of ESRG in October 2012.  As stated above, Plaintiff must allege facts showing plausibility that the alleged adverse employment action occurred *after* Plaintiff engaged in protected activity.  Merely alleging that these amounts were less in 2012 and 2013 than they were in 2011 hardly makes it plausible that it was the result of retaliation because Plaintiff fails to allege any facts surrounding whether these amount(s) have fluctuated in previous years and/or whether other employees also experienced a decrease in their merit increases, bonuses, and long-term incentive compensations for 2012 and 2013.

Plaintiff also claims that Ms. Velazquez-Marquez has retaliated against Plaintiff by informing a co-worker of Plaintiff's Complaint and marginalizing and micro-managing Plaintiff. Compl. ¶ 49.   Again, however, Plaintiff fails to plead any facts which would make it plausible that a causal link exists between Ms. Velazquez-Marquez's conduct and Plaintiff's protected activity.  Plaintiff alleges no facts regarding Ms. Velazquez-Marquez's management of other employees and whether her "micro-managing" is specifically directed at Plaintiff.  Additionally, Plaintiff fails to plead any facts which, without more, would make informing a co-worker of Plaintiff's Complaint improper on the part of Ms. Velazquez-Marquez.  Plaintiff simply cannot expect this Court to connect conclusory allegations of micro-management and workplace gossip to finding that retaliation is plausible.  It is Plaintiff's burden to allege facts that would make such a causal link conceivable, and Plaintiff has failed to do so.  Accordingly, Plaintiff's claims for retaliation pursuant to Section 1981 and the NJLAD are DISMISSED, without prejudice.

III.     **CONCLUSION**

For the foregoing reasons, this Court GRANTS Defendant's Motion to Dismiss in its entirety [docket #8] and dismisses Plaintiff's Complaint without prejudice.   This Court also grants Plaintiff thirty (30) days to file an amended Complaint.    An appropriate Order accompanies this Opinion [docket #30].

Date:  May 1, 2014                                              /s/ Joel A. Pisano_____
                                                                JOEL A. PISANO
                                                                United States District Judge